**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 14 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   22-50036 |
| Plaintiff-Appellee, | D.C. No. 2:19-cr-00687-MWF-1 |
| v. | |
| EMANUEL JOSEPH ESTRELLA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted August 18, 2023
Pasadena, California

Before:  TASHIMA, CHRISTEN, and SUNG, Circuit Judges.

Emanuel Joseph Estrella appeals the district court's order denying his

motion to suppress a firearm obtained during a search of his person.  Because the

parties are familiar with the facts, we do not recount them here.  We have

jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court's order.

The district court made a factual finding, which Estrella does not challenge

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

on appeal, that Officer Smith saw Estrella riding his bicycle on the sidewalk in violation of Oxnard City Ordinance 7-132(D). Officer Smith therefore had probable cause to arrest Estrella. *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001) ("If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender.").

The record shows that Officer Smith then placed Estrella under arrest. Officer Smith drew his service weapon, pointed it at Estrella, and ordered him to stop, put his bike down, and sit on the sidewalk. Estrella stopped and sat down, thereby submitting to Officer Smith's assertion of authority. *Torres v. Madrid*, 592 U.S. 306, 311 (2021) ("[A]n arrest requires *either* physical force . . . *or*, where that is absent, *submission* to the assertion of authority." (omission and emphasis in original) (citation omitted)); *see also Brendlin v. California*, 551 U.S. 249, 255 (2007).

Once Officer Smith arrested Estrella, he was permitted to conduct a search incident to that arrest. "[A]n arresting officer may, without a warrant search a person validly arrested." *Michigan v. DeFillippo*, 443 U.S. 31, 35 (1979). "The fact of a lawful arrest, standing alone, authorizes a search." *Id.*; *see also Virginia v. Moore*, 553 U.S. 164, 177 (2008) (noting that officers may perform searches incident to "any 'lawful arrest,' with constitutional law as the reference point"

2

(citation omitted)).  Thus, Officer Smith was entitled to search Estrella by asking whether he had anything he was not supposed to have, and upon receiving Estrella's response that he had a firearm, to retrieve the gun from inside Estrella's pocket.

Estrella argues the search was impermissible because it was not conducted pursuant to a "lawful arrest."  According to Estrella, California law prohibited his arrest because a violation of Oxnard's ordinance is only an infraction, not an arrestable offense.  *See Edgerly v. City & County of San Francisco*, 599 F.3d 946, 956 (9th Cir. 2010).  But even if the arrest violated state law, there is a difference between the use of "'lawful' as shorthand for compliance with state law" and "'lawful' as shorthand for compliance with constitutional constraints."  *Moore*, 553 U.S. at 177.  "[S]tate restrictions [on arrest] do not alter the Fourth Amendment's protections," and "warrantless arrests for crimes committed in the presence of an arresting officer are reasonable under the Constitution."  *Id.* at 176.  Because the Fourth Amendment does not "enforce state law" and "does not require the exclusion of evidence obtained from a constitutionally permissible arrest," *id.* at 178, the district court did not err in denying Estrella's motion to suppress.

**AFFIRMED.**

3